IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Eric Lance Sabot, | ) | |
| --- | --- | --- |
| | ) | **ORDER GRANTING IN PART AND** |
| Petitioner, | ) | **DENYING IN PART MOTION** |
| vs. | ) | **TO DISMISS** |
| | ) | |
| | ) | |
| Chad Pringle, Warden, et al., | ) | Case No. 1:19-cv-033 |
| | ) | |
| Respondents. | ) | |

Before the court is a Motion to Dismiss filed by respondent on March 30, 2019. (Doc. No. 10). For the reasons set forth below, respondent's motion is granted in part and denied in part.

## I. BACKGROUND

Petitioner Eric Lance Sabot ("Sabot") was, following a bench trial in state district court, convicted of the offense of terrorizing and sentenced to a term of imprisonment of five years with two years suspended and three years of supervised probation. (Doc. No. 9-4). He appealed, asserting there was insufficient evidence to support his conviction. (Doc. No. 9-5). The North Dakota Supreme Court summarily affirmed his conviction on December 7, 2017, concluding there was enough evidence to support it. (Doc. No. 9-9). The mandate issued on January 30, 2018. (Doc. No. 9-1).

Sabot filed an application for post-conviction relief with the state district court on February 1, 2018, asserting:

(1) "The conviction was obtained or the sentence was imposed in violation of the laws or the constitution of the United States or Constitution of North Dakota." (Doc. No. 9-11).

(2) "The sentence is not authorized by law." (Id.)

1

(3) "Evidence not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice." (Id.)

(4) "The conviction or sentence is otherwise subject to collateral attack upon any ground I alleged error available before July 1, 1985 under any common law, statutory or other writs, motion, proceeding, or remedy." (Id.)

(5) "Denial of effective assistance of counsel; the Sixth Amendment . . . . I asked my lawyer Thomas Glass to include evidence from section 2 of my writ of certiorari but he did get this important evidence that I told him I needed to refute the States case or claims! Just by reading Dan Donlin's letter it is clear why it so important to my case in exonerating me!" (Id.) (error in original)

(6) "Sixth Amendment . . . Judge Dann Greenwood, States attorney Ladd Erickson, and my own lawyer Thomas Glass. They pulled me into the Judges Chambers without the court report the day of my jury trial and threatened and coerced me to give up my right to a jury trial by threatening to destroy and alter my testimony if I didn't give into their demands!" (Id.)

(7) "Sixth Amendment . . . I did not get to call my 13+ witnesses in my favor?! Judge Dann Greenwood and states attorney Ladd Erickson never once asked me to call my witnesses?! It's my sixth amendment right to call the witnesses I have. Burleigh County court house and the State of North Dakota are corupt! (Id.) (error in original)

(8) "2nd Amendment . . . The Judge Wayne Goter and a lot of state conspirators stole my handgun serial # 273-67828 at a fake civil court hearing 08-2015-SC-343." (Id.)

(9) "4th Amendment . . . Judge Wayne Goter secretly seized my hand gun at court

> hearing 80-2015-SC-343." (Id.)

(10) "Fith Amendment . . . In the transcripts of page 44 lines 19-25 Judge Dann Greenwood is using statements I didn't even say as hear-say evidence? This case 08-2016-CR-01385 is based off of 0 evidence. I am not shure who these people are trying to fool!"(Id.) (errors in original)

(11) "14th Amendment . . . I have the right to a jury trial and no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; Nor shall any state deprive any person of life, liberty, or property without due process of law, Nor deny to any person within it's jurisdiction the equal protection of the laws!" (Id. ).

On February 5, 2018, the State filed a response to Sabot's application. (Doc. No. 9-12). On April 4, 2018, it filed a motion for summary disposition of Sabot's application pursuant to N.D.C.C. §§ 29-32.1-06(2) and 29-32.1-09(1). (Doc. No. 9-13). Sabot responded to the motion as follows in relevant part:

> [¶6] Mr. Sabot claims effective assistance of counsel. Specifically Mr. Sabot alleges that he instructed his attorney to provide specific evidence to the court. The evidence that Mr. Sabot instructed to provide was either/both that Officer Luke Senger lied in his police reports where Officer Senger did not indicate that Mr. Sabot was charged [with] felony Aggravated Assault in 2008 and/or that Mr. Sabot's father stole his handgun and should be charged with theft. Mr. Sabot's attorney, however, was unable to offer the evidence. Thereby, Mr. Sabot was denied effective counsel.
>
> [¶7] Mr. Sabot claims that he was coerced into a bench trial when it was the intention of Mr. Sabot to exercise his right to a jury trial. Mr. Sabot alleges that Judge Greenwood, State's Attorney Ladd Erickson and Mr. Sabot's attorney, Thomas Glass, spoke with Mr. Sabot away from the court reporter and threatened to alter his testimony of Mr. Sabot exercised his right to a jury trial.
>
> [¶8] Mr. Sabot claims that he was not provided the opportunity to present his witnesses. Mr Sabot claims that he was never asked if he wanted to provide any

witnesses during his trial.

(Doc. No. 9-14) (emphasis in original). On April 6, 2018, the state district court granted the State's motion and summarily disposed of Sabot's application, opining:

> [2] Both in the initial Application for Post Conviction Relief and in the response to the State's motion for summary disposition Eric Lance Sabot set forth what the court would characterize as conclusory allegations. In the Application for Post Conviction Relief pursuant, Sabot merely states verbatim the language of N.D.C.C. 29-32.1-01(1) (a, d, e & h) and adds reference to the Fourteenth Amendment, i.e. equal protection. In addition, he asserts ineffective assistance of counsel. It should be noted both generally and in the context of his claim that evidence not previously presented exists, that Sabot speaks to that in a general sense only. However, he has not provided any affidavits or other admissible evidence in support of his application or in support of his response to the motion for summary disposition. Furthermore, many of Sabot's arguments were, or could have been, raised in his unsuccessful appeal to the North Dakota Supreme Court in State v. Sabot, 2017 ND 280, 094 N.W.2d 460.
>
> [3] After review it is the ORDER of the court to GRANT the motion for summary disposition.

DISCUSSION

[4] As held in the case of Atkins v. State, 2017 ND 290, ¶ 5, 904 N.W.2d 738, 739, reh'g denied (Jan. 26, 2018):

> The standard of review for a summary denial of post-conviction relief is well-established:
>
>> This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.
>
> Parizek v. State, 2006 ND 61, ¶ 4, 711 N.W.2d 178 (citations and quotations omitted). Section 29-32.1-09(3), N.D.C.C., provides "[t]he court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

[5] As further stated in the Atkins v. State case, supra at ¶ 6:

> Generally, an applicant has the burden of establishing grounds for post-conviction relief. Chase v. State, 2017 ND 192, ¶ 5, 899 N.W.2d 280. This court has stated claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing. Steinbach v. State, 2003 ND 46, ¶ 15, 658 N.W.2d 355. However, this Court has "upheld summary denials of post conviction relief when the applications were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations. Id. "Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim." Id. at ¶ 17. "If competent evidence is provided, the defendant is entitled to an evidentiary hearing." Id.

[6] Whereas Sabot claims in his application that his attorney failed to call witnesses about whom he'd been advised, there are no affidavits which provide evidence about which those witnesses might have testified. Whereas Sabot claims the court and counsel made statements or took actions depriving him of a fair trial, no affidavits about the substance of such statements or actions, or transcripts of the proceedings to support such are provided.

[7] What this Court recalls about the underlying criminal action, without the benefit of a transcript, is the State had moved the Court, in limine, to preclude the admission of certain testimony and/or evidence in the jury trial. However, the State offered to waive its objections to such evidence and give Sabot a full and unrestricted opportunity to present any evidence he wished to offer if Sabot would waive his right to a jury trial and agree to a bench trial. It is the Court's recollection that Sabot accepted that offer, waived his right to a jury trial and agreed to a bench trial.

[8] Based upon Sabot's failure to support his application with competent, admissible evidence, the Court concludes that Sabot did not meet his minimal burden and has failed to raise an issue of material fact such that an Order for Summary Disposition is appropriate.

(Doc. No. 9-15). Its decision was summarily affirmed by the North Dakota Supreme Court on December 6, 2018. (Doc. No. 9-20).

Sabot was paroled on September 26, 2018. (Doc. No. 11-20). His parole was terminated on December 29, 2019. (Id.). He is now on probation until September 25, 2021. (Id.).

Sabot initiated the above-captioned action *pro se* on February 11, 2019, with the submission of an application to proceed *in forma pauperis*, which this court granted, and a petition for a writ of habeas corpus pursuant to 42 U.S.C § 2254. He asserts the following grounds for relief:

> GROUND ONE: My 6th Amendment right to call my witnesses in my favor, and I did not get effective assistance of counsel . . . Ladd Erickson is admitting in his response to my Post Conviction Petition to my 6th Amendment Claim. I did not get to call my 14 witnesses on my witness list. I also received ineffective assistance of Counsel at my hearing . . . .

\* \* \*

> GROUND TWO: My Fourteenth Amendment right to equal protection of the laws . . . Lucas Senger, Dan Donlin, Richard Riha, and Judge Wayne Goter secret Rico Theft of my Hand-gun serial #273-67828 at court hearing 08-2016-cr-1385 the state of North Dakota did cover-up their Rico Theft of my Gun by breaking the 14th Amendment right to equal Protection of the Laws at court hearing . . . .

\* \* \*

> GROUND THREE: 1st Amendment right to petition the State of North Dakota for a redress of Grievances at Case #08-2018-cv-315? #20180191 . . . How did Judge Dann Greenwood deny my Post Conviction Petition hearing at case #08-2018-cv-315 when Ladd Erickson is admitting to my 6th and 14th Amendment claims in Ladds response to my Post Conviction Petition?! So accepting Ladd Ericksons motion to dismiss my post conviction petition hearing is in clear violation of my 1st, 6th, and 14th Amendments by Judge Dann Greenwood at Case #08-2018-cv-315!

\* \* \*

> I did [exhaust my state remedies on Ground Three] in my Post Conviction petition. Then my first amendment was broke again once before trial, at court hearing 08-2016-cr-01385 then it occurred again at court hearing 08-2018-cv-315! By Judge Dann Greenwood Greenwood twice!

\* \* \*

> GROUND FOUR: Eighth Amend claim of the Warden Chad Pringle's cruel and unusual punishment inflicted on me Eric by NDSP . . . By simple common logic I Eric Lance Sabbot cannot be guilty of terrorizing concerning case 08-2016-cr-01384 just by Ladd Erickson's admission's alone to 1st, 2nd, 4, 5, 6, 8 and 14th Amendment claims in his response to my Post-Conviction Petition Supports the Preponderence of fact that supports my 1, 2, 4, 5, 6, 7, 8 and 14th Amendment claims in the Petition

6

> by simple aduction and deduction of the admission s of Ladd Erickson supports my claim I am 100% innocent . . . .

(Doc. No. 2) (errors in original).

On March 30, 2019, respondent filed a response to Sabot's habeas petition along with a Motion to Dismiss. On April 10, 2019, Sabot filed a response to respondent's motion. (Doc. No. 14).

## II. GOVERNING LAW

### A. Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in custody in violation of the United States Constitution or other federal law. However, where the state court has adjudicated the federal claim on the merits, this court's review is limited by 28 U.S.C. § 2254(d) to a determination of whether the state court's decision is (1) directly contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d); see generally Harrington v. Richter, 562 U.S. 86, 97–100 (2011) ("Richter"); Williams v. Taylor, 529 U.S. 362, 399–413 (2000). This highly deferential standard of review is often referred to as "AEDPA deference" because it was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). E.g., Pederson v. Fabian, 491 F.3d 816, 824–25 (8th Cir. 2007); see generally Renico v. Lett, 559 U.S. 766, 773 n.1 (2010). The reasons for the limited review are ones of federalism and comity that arise as a consequence of the state courts having primary responsibility for ensuring compliance with federal law in state criminal proceedings. See, e.g., Richter, 562 U.S. at 103.

## B. Exhaustion Requirements

The exhaustion doctrine codified at 28 U.S.C. § 2254(b)–(c) precludes granting habeas relief for claims that have not been properly exhausted in the state courts. E.g., Rhines v. Weber, 544 U.S. 269, 274 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). Proper exhaustion has two components. First, the claim must be "fairly presented," which requires that the petitioner present both the factual and legal premises for the claim, with the latter being satisfied if there is a reference to the particular federal constitutional right or a citation to a state or federal case that raises the constitutional issue. Dansby v. Norris, 682 F.3d 711, 722–23 (8th Cir. 2012), vacated on other grounds, Dansby v. Hobbs, No. 12-8582, 2013 WL 506561 (U.S. June 3, 2013); Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addition, there are three other aspects of the exhaustion doctrine that are important. The first is that the exhaustion doctrine is satisfied if there are no state-court remedies available and exhaustion would be futile, such as when the claim has been procedurally defaulted at the state-court level. E.g., Armstrong v. Iowa, 418 F.3d 924, 926–27 (8th Cir. 2005). The second is that Rose v. Lundy, 455 U.S. 509 (1982), prohibits a petitioner from proceeding with a "mixed petition" of exhausted and unexhausted claims. See also Rhines v. Weber, 544 U.S. at 273–74. The third is that § 2254(b)(2) authorizes the court to deny a claim on the merits notwithstanding a failure to exhaust. E.g., Gringas v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008).

## C. Procedural Default

A federal district court is precluded from substantively considering a habeas claim that has been procedurally defaulted at the state level on independent and adequate state grounds. E.g.,

8

Coleman v. Thompson, 501 U.S. 722, 729–30 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). State procedural grounds are independent and adequate if they are firmly established, readily ascertainable, and regularly followed. Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008); Franklin v. Luebbers, 494 F.3d 744, 750 (8th Cir. 2007). They must also further a legitimate state interest and not be applied in an exorbitant manner. Barnett, 541 F.3d at 808. The rule barring procedurally-defaulted claims is nearly absolute. Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007). The only exceptions are the rare instances when a prisoner is able to meet the strict cause and prejudice or actual innocence standards. E.g., Dretke v. Haley, 541 U.S. 386, 392–93 (2004); Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012).

### III. DISCUSSION

#### A. Ground One

Construing ground one as claim for ineffective assistance of counsel, respondent takes the position that Sabot failed to fairly present this claim in state court, is foreclosed by state statute from returning to state court to remedy this failure, and thus has for all intents and purposes procedurally defaulted his ineffective-assistance claims. However, having reviewed the record along with applicable case law, the court does not find respondent's assertion–that the court is barred by the doctrine of procedural default from considering Sabot's ineffective assistance claims– persuasive.

As discussed above, a state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991). Such procedural default can arise in two ways: (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; and (2) where the petitioner failed to raise specific a claim in state court

9

and can no longer raise it under state law. See e.g., Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir.), cert. denied, 525 U.S. 963 (1998); Arnold v. Superintendent SCI Frackville, 322 F. Supp. 3d 621, 638 (E.D. Pa. 2018).

"Reliance on a rule of 'procedure' does not foreclose the possibility that a court is ruling 'on the merits.'" Borden v. Allen, 646 F.3d 785, 812 (11th Cir. 2011). "The dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), for example, unambiguously constitutes a ruling 'on the merits.'" Id.; see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)). "Similarly, a federal district court's dismissal of a claim under Rule 4 of the § 2254 Rules or the § 2255 Rules is a judgment on the merits of the claims stated in the petition or motion—or, stated more accurately, a judgment that the claims presented are nonmeritorious." Borden v. Allen, 646 F.3d at 812 (11th Cir. 2011) (citing Granberry v. Greer, 481 U.S. 129, 135 n. 7 (1987), and Plunkett v. Johnson, 828 F.2d 954, 956 (2d Cir.1987)).

Sabot asserted ineffective assistance of counsel as a ground for relief in his post-conviction application. The state court summarily dismissed his post-conviction application. The North Dakota Supreme Court has recognized that the summary dismissal of a post-conviction application is analogous to dismissal of a civil complaint under N.D. R. Civ. P. 12(b)(6). Berlin v. State, 2005 ND 110, ¶ 7, 698 N.W.2d 266. N.D. R. Civ. P. 12(b)(6) is the functional state equivalent to Fed. R. Civ. P. 12(b). Compare N.D. R. Civ. P. 12(b)(6) with Fed. R. Civ. P. 12(b)(6). Thus, like a dismissal of a claim pursuant to Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 2254, Rule 4, the state court's summary dismissal of Sabot's post-conviction application pursuant to N.D.C.C. § 29–32.1–09 operates as a ruling on the merits for purposes of the procedural default analysis. See eg., Pope v.

Sec'y for Dep't of Corr., 680 F.3d 1271, 1286 (11th Cir. 2012) (holding that a state court's dismissal of a post-conviction claim for facial insufficiency constituted—at least for purposes of the procedural default analysis—a ruling on the merits); Borden v. Allen, 646 F.3d at 812 (same); see also Harrington v. Richter, 562 U.S. 86, 99 (2011), 131 S.Ct. 770, 784–85, 178 L.Ed.2d 624 (2011) "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). After all, when disposing of Sabot's post-conviction application, the state court necessarily considered the substance of Sabot's allegations and whether there was any competent evidentiary support for them.

Accordingly, respondent's motion to dismiss as it pertains to ground one is denied. Contrary to respondent's assertion, this court is not barred by the doctrine of procedural default from considering ground one. Whether ground one ultimately has merit remains to be seen.

**B.     Ground Two**

Sabot's second ground for relief pertains to a handgun that Sabot claims was stolen from him.[1] In his motion to dismiss, respondent asserts that Sabot's claims regarding his handgun are unintelligible and, in any event, are not actionable in the context of habeas corpus proceedings. In the alternative, respondent asserts that Sabot's second ground for relief has been procedurally defaulted. Sabot responds:

> The State of North Dakota Rico thefted my hand gun in a conspiracy in at case 08-2015-SC-343. Then the state of North Dakota tryed to get away with violating my 2nd and 4th Amendments at case 08-2015-SC-343 by way of entrapment at case #08-

---

[1] The alleged handgun theft formed the basis of a civil rights action filed by Sabot with this court while the direct appeal of his conviction was still pending. See Sabot v. North Dakota, No. 1:17-CV-069, 2018 WL 3354880 (D.N.D. July 9, 2018) (dismissing Sabot's claims without prejudice following an initial review pursuant to 28 U.S.C. § 1915A).

> 2016-CR-138 for terrorizing by and through their deliberate indifference of the law by just violating my 1st, 5, 6, 8, 9, and 14th Amendments over and over again starting with case # 08-2016-cr-01385 in a pattern of Racketeering in an Organized Crime Syndicate the State of North Dakota is the Mafia!

(Doc. No. 14) (errors in original).

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Id.; cf. Chamblee v. Sec'y, Dep't of Corr., No. 8:16-CV-2026-T-33TBM, 2017 WL 2348813, at *2 (M.D. Fla. May 30, 2017) (opining that a motion for return of property did not constitute an application for post-conviction or other collateral review).

The alleged theft of Sabot's handgun has no direct bearing on the legality of his conviction for terrorizing or the sentence he received. Thus, resolution of this ground in Sabot's favor will not result in the vacation of his conviction or an adjustment in the remainder of time on his sentence. Moreover, if Sabot is permitted to proceed with this ground, he would be able to avoid the higher filing fee for a civil rights action and potentially circumvent the restrictions of the Prison Litigation Reform Act. cf. Mosby v. Hunt, No. 5:16-HC-02136-BO, 2018 WL 907411, at *2 (E.D.N.C. Feb. 15, 2018) ("[M]otions seeking the return of civilly forfeited property are purely civil in nature, unlike habeas actions, and therefore subject to the requirements of the Prison Litigation Reform Act of 1995 (PLRA), to include the venue, appeal period, and filing fee provisions."); United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000) (same).

In sum, a habeas petition is not the proper vehicle for seeking the return of or recompense for allegedly stolen property. Accordingly, Sabot's second ground for relief is denied.

## C. Ground Three

Sabot next asserts that he was deprived of his First Amendment right to petition the government for a redress of his grievances insofar as his application for post conviction relief was denied by the state district court.

Struggling to make sense of this, respondent takes the position that Sabot's First Amendment claims are not actionable in the context of a habeas proceeding and have otherwise been procedurally defaulted. Sabot responds:

> [T]he issue of material fact that Chad Pringle does not answer the Petitioner Eric Lance Sabot's third claim in Eric's Writ of Habeas Corpus to violating Eric Lance Sabot's 1st Amendment of Case #08-2018-cv-315 which can be proven as a fact because it is common sense again, because the State of North Dakota Supreme Court and Judge Dann Greenwood accepted Ladd Erickson's Limited Motion to dismiss me the Petitioners State Post Conviction Petition Hearing at Case #08-2018-cv-315 in violation of Eric Lance Sabot's 1st, 6th and 14th Amendments of the United States Constitution by way Ladd Erickson's admissions to the Petitioner Eric Lance Sabots' State Post Conviction Petition. Ladd Erickson admitted to violating me the Petitioner's 6th and 14th Amendments in his responce to my state Post Conviction Petition. Then I Eric Lance Sabot the Petitioner tryed to enter into evidence an affidavit to the Clerk of Burleigh County Court Michelle Bring an Affidavits stating the 6th and 14th Amendment violations Ladd Erickson admitted to. Then Michele Bring sent my affidavit back to me telling me my Public defender pretender had to sign my affidavits or could and would not enter my affidavit into evidence unless Blake Hankey signed it first. Then my Public Defender Blake Hankey refused to sign my affidavit because he is in collusion with Michele Bring.

(Doc. No. 14) (errors in original).

Based upon the record before it, this court is not persuaded that the state district court's denial of Sabot's application for post-conviction relief constitutes the basis for a cognizable claim under the First Amendment's petition clause. Sabot is not guaranteed redress, but rather the right to seek it. And by all appearances he has been able to vociferously exercise this right.

13

Sabot directly appealed his conviction,[2] subsequently filed an application for post-conviction relief with the state district court, and, when the State moved to dismiss his application, filed a responsive brief. He was also able to appeal the state district court's dismissal of his post-conviction application. Conversely, it does not reflect (and Sabot does not assert) that he was denied court access or otherwise subjected to any punishment or reprisal for seeking for post-conviction relief.

Merits aside, the Sabot's First Amendment claim falls outside the scope of federal habeas review. Resolution of this claim in Sabot's favor would not result in the vacation of his conviction or an adjustment in the remainder of time on his sentence. Sabot's second ground for relief is therefore denied.

### D.  Ground Four

Sabot prefaces his fourth ground for relief with the statement: "8th Amendment claim of the Warden Chad Pringle's Cruel and Unusual Punishment inflicted on me Eric by NDSP!" (Doc. No. 2). He then goes on to assert his innocence and in so doing cite admissions made in the course of his state post-conviction proceedings by State's Attorney Ladd Erickson.

Respondent takes the position that Sabot's fourth ground fails for lack of development or, in the alternative, for lack of exhaustion. In so doing he rejects the suggestion that Sabot's sentence ran afoul of Eighth Amendment's ban on cruel and unusual punishment. As for the admissions cited by the Sabot, he notes they pertain to dates on which various events occurred as opposed to anything substantive.

---

[2] While his appeal to the North Dakota Supreme Court was still pending, Sabot filed a civil rights action in this court in which he accused state and local officials of conspiring to steal his handgun. See Sabot v. North Dakota, No. 1:17-CV-069, 2018 WL 3354880, at *1 (D.N.D. July 9, 2018). He sought the dismissal of his state terrorizing charges, the restoration of his firearm privileges, the return of his handgun, and the criminal prosecution of everyone who he believed had conspired to steal his handgun from him. See id. The court dismissed the action without prejudice pursuant to 28 U.S.C. 1915A. See id. at **2-3.

14

### 1. Eighth Amendment

Insofar as Sabot is arguably challenging the conditions of his confinement or any punishment to which he was subjected at the NDSP as opposed to the validity his confinement, federal habeas corpus proceedings afford him no remedy. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); see also Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (" If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."); see e.g., Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . . not through federal habeas proceedings.").

Insofar as Sabot is arguably challenging the duration of his confinement on Eighth Amendment grounds, his petition falls woefully short. The United States Constitution does not require strict proportionality between a crime and its punishment. Harmelin v. Michigan, 501 U.S. 957, 965 (1991); United States v. Marks, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." Marks, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000) (internal quotation marks omitted). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." United States v. Thomas, 49 F.3d 253, 261 (6th Cir.1995).

Sabot was convicted of terrorizing and was sentenced to a term of imprisonment of five years

15

with two years suspended. As he did not receive a sentence of death or life in prison without the possibility of parole but rather a sentence within the statutory maximum, the duration of his incarceration does not run afoul of the Eighth Amendment's ban on cruel and unusual punishment.

### 2. Admissions by State's Attorney Ladd Erickson

Sabot asserts throughout his petition and in his response to the motion to dismiss that the State Attorney Ladd Erickson admitted to violating his constitutional rights as alleged in his application for post-conviction relief. His reliance on these admissions is misplaced.

The record reflects that the State admitted to paragraphs one through five of Sabot's application for post-conviction relief. (Id.). These five paragraphs contained nothing substantive with respect to Sabot's claims. Rather, they contained: (1) the date of Sabot's conviction; (2) the name of the district court judge who had presided over Sabot's trial; (3) Sabot's crime and sentence; (4) notations reflecting Sabot had entered a "not guilyt" plea and that his trial was before the court as opposed to a jury; and (5) the case number assigned to Sabot's direct appeal to the North Dakota Supreme Court. (Doc. No. 9-11). Thus, contrary to Sabot's assertions, the State has not admitted to violating his rights.

## IV. CONCLUSION

Respondent's Motion to Dismiss Sabot's Petition (Doc. No. 10) is **GRANTED IN PART AND DENIED IN PART**. Grounds Two, Three, and Four of Sabot's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. X) are **DENIED**. Sabot may proceed with Ground One. The merits or lack thereof with respect to ground one remain an open question.

**IT IS SO ORDERED.**

Dated this 7th day January, 2020.

                                            */s/ Clare R. Hochhalter*
                                            Clare R. Hochhalter, Magistrate Judge
                                            United States District Court